895 F.2d 1415
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Danny Dean YOST, Plaintiff-Appellant,
v.
Ruth RYAN, Defendant-Appellee.
 No. 89-6154.
 United States Court of Appeals, Sixth Circuit.
 Feb. 13, 1990.
 
 1
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and CHARLES W. JOINER, Senior District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Danny Dean Yost, a pro se Kentucky prisoner, appeals the district court's dismissal of his civil rights action filed pursuant to 42 U.S.C. Sec. 1983.
 
 
 4
 Seeking compensatory and punitive damages, Yost sued the defendant alleging: (1) that she failed to forward inmate status information, relevant to the Interstate Agreement on Detainers (IAD), to the state of Texas pursuant to his request on May 20, 1988; (2) that the failure to forward the information to Texas authorities deprived him of his constitutional rights; (3) that defendant committed perjury when she claimed she had no communications with Yost during the period from May 20, 1988 to July 1, 1988; and (4) that defendant's action or inaction shows deliberate indifference to Yost's legal rights. Subsequently, Yost amended his complaint to assert that defendant tampered with official records when she permitted him to be served with a detainer from the state of Louisiana which was addressed to Daniel Yost rather than Danny Dean Yost.
 
 
 5
 After review of the magistrate's report and Yost's objections, the district court adopted the magistrate's recommendation and dismissed the action. Following the denial of motions seeking reconsideration and to hold the case in abeyance, Yost filed a timely appeal, raising the same issues which were before the district court. In addition, Yost has also filed motions: (1) to bar the district court judge (Wilhoit) and magistrate (Hood) from further considering this case; (2) seeking in forma pauperis status; and (3) seeking the appointment of counsel.
 
 
 6
 Upon review, we affirm the district court's judgment. Yost is unable to state a valid Sec. 1983 claim against defendant because he cannot show that her actions deprived him of a right secured by the Federal Constitution or laws of the United States. See Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155-57 (1978).
 
 
 7
 The crux of Yost's complaint concerns defendant's delay in forwarding inmate status information and a speedy trial request to Texas authorities. The record shows that Yost contacted defendant on May 20, 1988, requesting that information be forwarded to Texas authorities. Defendant's answer admits that she received Yost's letter of May 20 but that she was uncertain what he wanted and gave his caseworker certain forms to fill out. Defendant received a reply from Yost on July 1, 1988, at which time he stated that he was making a request for a speedy trial. On July 7, 1988, the speedy trial request was forwarded to Texas authorities and the Texas detainer against Yost was dropped on October 13, 1988.
 
 
 8
 We conclude that defendant did not engage in a deliberate course of action designed to prevent Yost from requesting a fast and speedy trial pursuant to the IAD, rather, at most, she should have attempted to contact Yost directly to clarify his request instead of going through his caseworker. However, mere lack of due care by a state official is not actionable under the fourteenth amendment. Daniels v. Williams, 474 U.S. 327, 330-31 (1986).
 
 
 9
 Further, the delay in forwarding the information to Texas did not deny Yost any of his constitutional or legal rights. The IAD provides that if a detainer is lodged against a prisoner, he shall be brought to trial within 180 days after a speedy trial request is forwarded to the appropriate prosecuting attorney. See, e.g., Ky.Rev.Stat.Ann. Sec. 440.450, Article III(1) (Michie/Bobbs-Merrill 1988). However, despite the delay in forwarding Yost's speedy trial request to the Texas authorities, the Texas detainer against him was dropped on October 13, 1988, 143 days after his initial request was made to the defendant on May 20, 1988. Thus, Yost cannot establish any deprivation or denial of his constitutional or legal rights which resulted from the delay in forwarding the inmate status information to the Texas authorities.
 
 
 10
 In addition, Yost's contention that defendant violated his due process rights by lodging the Louisiana detainer against him is meritless. Yost alleges he is not the individual named in the warrant because he is known as "Danny Dean Yost," however, the warrant is addressed to "Daniel Yost." Nonetheless, the district court found, as a matter of fact, that other information from the Louisiana authorities clearly identified Yost as the individual named in the warrant. After a review of the record, we conclude that the district court's findings are not clearly erroneous. Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).
 
 
 11
 Finally, since Yost has already been proceeding in forma pauperis before this court, his motion for in forma pauperis status is moot.
 
 
 12
 Accordingly, Yost's motions are hereby denied and the district court's judgment is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation